**Louise M. HUTCHENS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.**

No. 05–16520.

United States Court of Appeals, Ninth Circuit.

* This disposition is not appropriate for publication and is not precedent except as provided

Submitted Aug. 16, 2007.*

Filed Sept. 10, 2007.

the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, HAWKINS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Louise M. Hutchens ("Hutchens") appeals the district court's decision affirming the denial of her claim for Social Security Disability Insurance ("SSDI") benefits. Because the ALJ's residual functional capacity ("RFC") determination was inconsistent with his finding that Hutchens suffered from a severe knee impairment, we find the ALJ's decision unsupported by substantial evidence and thus reverse and remand for reconsideration of Hutchens's SSDI claim.

The ALJ found that Hutchens suffered from three *severe* impairments: (1) overuse syndrome of the upper extremities (here, tendonitis and chondritis of the hands and elbows); (2) chondromalacia (i.e., tissue degeneration underneath the kneecap); and (3) depression. Although the ALJ accounted for Hutchens's overuse syndrome in determining her RFC,[1] the ALJ did not account for Hutchens's chondromalacia, finding that, despite her and her doctor's claims that this condition caused her substantial knee pain, Hutchens could spend *"unrestricted* time sitting, standing, and walking during a normal

Sarah H. Bohr, Esq., Bohr & Harrington, LLC, Atlantic Beach, FL, Ann McCann Cerney, Ann M. Cerney Attorney at Law, Stockton, CA, for Plaintiff–Appellant.

USSAC–Office of the U.S. Attorney, Sacramento, CA, Mark A. Win, Esq., SSA–Social Security Administration, office of

---

by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The ALJ found that Hutchens was "precluded from forceful activities with her right wrist and left wrist [and was] limited from engaging in prolonged typing, keypunching, and writing."

workday [and had *no* ] postural limitations with bending, stooping, or crouching." As a result, the ALJ found that Hutchens could perform a significant range of light work in the national economy (including the jobs of fast food worker, parking lot attendant, and photographic counter clerk, as described by the *Dictionary of Occupational Titles ("DOT")*, see *DOT* 311.472–010; *id.* 915.473–010; *id.* 249.366–010), and did so without any explanation as to how Hutchens could perform these jobs—all of which "require[ ] a good deal of walking or standing," *see* 20 C.F.R. § 404.1567(b)— while suffering from severe chondromalacia.

While we are not in a position to decide, in the first instance, whether Hutchens indeed suffers from severe chondromalacia—and, if so, what (if any) limitations flow from that condition—we are unable to accept the ALJ's simultaneous conclusions that Hutchens suffers from a severe knee impairment *and* has no standing, walking, bending, stooping or crouching limitations, at least not without some legitimate explanation for this apparently inconsistent determination. We thus remand to the district court with instructions to remand to the ALJ for the latter to make a consistent determination regarding Hutchens's impairments and her RFC, and then to undertake a new step-five analysis.[2]

**REVERSED AND REMANDED.**

---

2. We also encourage the ALJ to consider whether the limitations stemming from Hutchens's overuse syndrome are consistent with positions like fast food worker and parking lot attendant, which, according to the *DOT*, require *frequent* or *constant* reaching, handling, and fingering. *See DOT* 311.472–010; *id.* 915.473–010.

